**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Dorothy A Smulley,<br>　　　Plaintiff,<br>　　　　v.<br>Liberty Mutual Holding Company Inc, *et al*,<br>　　　Defendants | CIVIL ACTION No. 3:21-cv-01318-SRU<br><br><br><br>December 12, 2021 |

**PLAINTIFF'S MOTION TO DISQUALIFY**
**ATTORNEY PHILLIP T NEWBURY**

　　　　　Plaintiff, Dorothy A Smulley (plaintiff), respectively moves to disqualify defendant pro se Phillip T Newbury (Newbury). Pro se Newbury filed an appearance on behalf of Liberty Mutual Holding Company, Inc. (LMH), Liberty Mutual Insurance Company (LMI), Safeco Insurance Company of Illinois (Safeco) and Howd & Ludorf LLC (H&L Law) (named defendants). Or, in the alternative, plaintiff moves for an order from the court for Newbury to show cause why Newbury should not be disqualified.

　　　　Plaintiff's lawsuit rests on 42 USC § 1983. Under traditional principles of agency, the collective defendants and those designated Commissioners of Court state actors, deprived plaintiff of her due process rights in the underlying state action (state action). Newbury, an individual, is a pro se defendant. Newbury acts as a Commissioner of Court and, at the same time, acts on behalf of H&L Law, an agent for principal Safeco in the state action. Newbury's improper conduct in the state action led to great prejudicial harm which caused plaintiff's due process violations alleged. Newbury's personal financial interests supersede and dominate the interests of all other parties named here. Newbury's simultaneous representation of named defendants inhibits and, therefore, violates plaintiff's procedural due process discovery rights.

**1**

### *State Action*

Connecticut General Statute § 52-410 and the Connecticut Supreme Court's decision in *Success Centers, Inc. v. Huntington Learning Centers, Inc.,* 223 Conn. 761, 613 A.2d 1320 (1992) govern. The state action involves a personal automobile physical damage contract of insurance policy where insurer Safeco refused to repair plaintiff's vehicle after plaintiff's minor accident of November 24, 2018. Safeco did so to spite the auto repair facility from profiting in the repair of the vehicle because of prior personality conflicts which had nothing to do with plaintiff's repair. Safeco further spited a second auto repair facility of Safeco's own choosing because of financial transaction disputes, none of which plaintiff was a part.

Plaintiff filed the state action January 22, 2019 to induce Safeco to repair. After a year of pleadings, discovery completed, and one week before a scheduled judicial settlement conference, Newbury pressured state court to grant his motion for a § 52-410 binding and unrestrictive arbitration (Order 147.15) in substitution for plaintiff's judicial action. Newbury also pressured for a stay which was granted. Plaintiff appealed to the state Appellate (AC 44015). The appeal was dismissed for lack of a final judgment finding the language contained in state court Order 147.15 constituted a stay only pursuant to § 52-409. Upon remand, Newbury pressured state court to set aside the Appellate order. Newbury then orchestrated a series of motions which exerted more pressure upon state court and which led to criminal contempt fines issued against plaintiff.

Plaintiff appealed the criminal fines imposed to the state Appellate (AC 45002) which is now pending. Plaintiff's 42 USC § 1983 action followed.

## *42 USC § 1983 Action*

Plaintiff's section 1983 action is a means by which plaintiff seeks vindication and compensation for the constitutional deprivations Newbury and others inflicted.  Plaintiff alleges in Count One, Safeco's auto physical damage Part D appraisal clause violates Fifth Amendment due process rights and is, therefore, ambiguous as written.  The appraisal clause indirectly invokes Connecticut General Statute § 52-410.  Newbury manipulated the appraisal clause to invoke pressure upon state court to order binding and unrestricted arbitration in disregard and contrary to specific binding state laws which govern insurance companies and auto repair facilities in the repair of auto physical damage claims.

Count Two alleges negligence by LMH, LMI and Safeco.  In the state action, LMH as parent company of LMI and Safeco, intentionally worded appraisal clauses to read ambiguously in order to pressure state courts to act in contradictory ways. The sole purpose is to gain collateral advantage in a legal dispute extraneous to the merits of the case being adjudicated. Newbury's manipulations in the state action which pressured state court to act in certain ways is a clear example as to why Newbury pro se should be disqualified from representing LMH, LMI, Safeco and H&L Law.

Counts Three and Four relate to General Statute § 52-410, Three alleges civil contempt and Four alleges abuse of process.  A private individual may be held liable "...if he has insisted… for example, by bringing pressure of any kind to bear upon [a] public officer... or if he knowingly provides false information to a public officer ..., even if that person brought no pressure to bear on the public officer and left the decision to prosecute entirely in the hands of that public officer."   See *Turner v. Boyle,* 116 F. Supp.

3d 58, 85 (D. Conn. 2015).  In the state action, pro se Newbury exerted great pressure on state court over an extended period.  The allegations here are quite different from the allegations made in Counts One and Two against the insurance companies.  Newbury is compelled to put his personal financial interests first in defense of Counts One and Two.  The insurance companies' interest is, therefore, last or having none at all.  This conundrum inhibits plaintiff's discovery rights and is violative of CGS § 51-84.

### Connecticut General Statute § 51-84

Section 51-84 provides in relevant part, "(a) Attorneys admitted by the Superior Court shall be attorneys of all courts and shall be subject to the rules and orders of the courts before which they act."  The statute encompasses all judicial proceedings, recognizes the inherent power of the courts to impose sanctions against attorneys rather than against their clients in civil matters as well.  See *Thalheim v. Greenwich*, 256 Conn. 628, 654, 775 A.2d 947 (2001);  see also, *In re Mongillo*, 190 Conn. 686, 692, 461 A.2d 1387  (1983), overruled on other grounds, *State v Salmon,* 250 Conn.147, 154, 735 A.2d 333 (1999).

Pro se Newbury's representation of the named defendants inhibits plaintiff's discovery rights.  An attorney cannot be compelled in one case to produce in evidence a paper left with him by a client in another case.  See *Roth v. Jennings*, 489 F.3d 499, 512 (2d Cir. 2007).  To deceive a court by untruthful statements for the purpose of securing the admission of certain testimony is unlawful and disorderly conduct, and a contempt in the face of the court.  See *Hardy v. Superior Court*, 48 A.3d 50, 52, 57 305 Conn. 824 (2012) citing *Goodhart v State,* 84 Conn.60, 61, 78 A.853 (1911).

### *The Disqualifying Taint*

The authority of federal courts to disqualify attorneys derives from their inherent power to "preserve the integrity of the adversary process." *Bd. Of Educ. V Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979) *(disqualification is... warranted where an attorney's conduct tends to taint the underlying trial).*

"One recognized form of taint arises when an attorney places himself in a position where he could use a client's privileged information against that client. The standard for disqualification varies depending on whether the representation is concurrent or successive. In cases of concurrent representation, we have ruled it is prima facie improper for an attorney to simultaneously represent a client and another party with interests directly adverse to that client. *Cinema 5, Ltd. v. Cinerama, Inc.,* 528 F.2d 1384, 1387 (2d Cir.1976). See *Hempstead Video, Inc. v. Inc. Village of Valley Stream*, 409 F.3d 127, (2d Cir. 2005).

Newbury is a co-managing member of H&L Law.  Newbury's status in the firm permits privy, whether intentional or unintentional, to client confidences of others.  "An attorney's conflicts are ordinarily imputed to his firm based on the presumption that associated attorneys share client confidences." *Johnson v. Nextel Communications, Inc.*, 660 F.3d 131, 139 (2d Cir. 2011) citing *Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.,* 722 F.Supp.2d 295, 298 310-11 (E.D.N.Y.2010).  Here  Newbury placed himself in a position where Newbury could use LMH's privileged information against LMH, LMI and/or Safeco in financial protection of Newbury and to the detriment of plaintiff.  Plaintiff would be precluded from obtaining material facts pertaining to each defendant because the sole source of obtaining material facts is pro se defendant Newbury.

### *Principals are Responsible for Contemptuous Conduct of Agents*

The named defendant law firms and attorneys act on behalf of principals LMH, LMI and Safeco under traditional principles of agency.  "[I]t is a general rule of agency law that the principal in an agency relationship is bound by, and liable for, the acts in which his agent engages with authority from the principal and within the scope of the agent's employment." *Maharishi School Vedic Sciences, Inc v Connecticut Constitution Associates LTD P'ship,* 260 Conn.598, 606, 799 A.2d 1027 (2002).  Thus, by pro se Newbury filing an appearance on behalf of himself and LMH, LMI, Safeco and H&L Law, Newbury places himself in an improper and unethical position of control over where to point the finger in any direction of Newbury's choice at will.

"Our Supreme Court has stated that [i]t is a thoroughly [well settled] equitable rule that any one acting in a fiduciary relation shall not be permitted to make use of that relation to benefit his own personal interest. This rule is strict in its requirements and in its operation. It extends to all transactions where the individual's personal interests may be brought into conflict with his acts in the fiduciary capacity, and it works independently of the question whether there was fraud or whether there was good intention... The rule applies alike to ***agents***, partners, guardians, executors and administrators." (Emphasis added)  *Spector* v. *Konover*, 57 Conn.121, 128, 747 A.2d 39, cert. denied, 254 Conn. 913, 759 A.2d 507 (2000).  "[A] court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel."  *Wheat v. United States*, 486 US 153, 160, (1988).  See also, *Cuyler v Sullivan,* 446 US 335 (1980) *(court's determination as to whether an attorney had represented conflicting interests at trial was not entitled to any deference).*

"Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing. . . . [A] conflict may . . . prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another."  *Holloway v. Arkansas,* 435 US 475, 489-90 (1978). See also, *Kay v Ehrler,* 499 US 432, 437 (1991) *(ethical considerations may make it inappropriate for him to appear as a witness).* "The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." *Id.* at Fn.9.

"[I]t is true that a [district] court, in making a determination regarding the potential for a conflict of interest, must make a prediction as to future events, which frequently is a difficult task. This aspect of the decision, however, does not call for a lax standard of review. The question on review is whether the [district] court was correct in holding that the facts and circumstances apparent *at the time of its decision* demonstrated a substantial potential for a serious conflict of interest… A deferential standard of review therefore is not necessary to generate... decisions that take into account and appropriately reflect the uncertainties existing at the time of the [district] court's ruling." *Wheat, supra,* 486 US at 173 Fn.2.

***In the Alternative, Order to Show Cause***

The conflicts of interest which Newbury created by entering an appearance for LMH, LMI, Safeco and H&L Law (ECF16) required Newbury to first move for permission from the court to do so.  Newbury did not.  Instead,  Newbury filed a motion to dismiss at the same time (ECF17).  The court's failure to grant plaintiff's extension of time (ECF24) unfairly placed the burden onto plaintiff to show the conflicts created and argue for disqualification when the burden was properly Newbury's to carry.  A move for permission to file the multiple appearances would have alerted the court and plaintiff of Newbury's intent.  Plaintiff, then, would have had sufficient time to properly investigate and prepare her response.  Plaintiff had a due process right to be alerted to Newbury's actions prior to those actions being taken.  "Procedural due process… cannot take place in a factual vacuum." *Thalheim, supra,* 256 Conn at 648. "[T]he determination of the particular process that is due depends on the nature of the proceeding and the interests at stake. *Mathews* v. *Eldridge,* 424 US 319, 334 1976) *("[D]ue process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. . . . [Rather] [d]ue process is flexible and calls for such procedural protections as the particular situation demands").*

In the state action, Newbury made a mockery of state laws and rules of the court.  Three judicial districts, New Haven, Stamford (complaint pg 22 Fn.12) and Hartford [2] issued reprimands against Newbury.  New Haven's reprimand included H&L Law.  Newbury should not be permitted to lay a foundation to continue here.

---

[2]  *Hartford Judicial District Grievance Panel v Philip Newbury,* Statewide Grievance Committee July 30, 2021.  https://www.law.com/ctlawtribune/2021/10/27/disciplinary-actions-six-lawyers-cited-in-september-reports/?slreturn=20211111221639, 12/11/2021.

**WHEREFORE,** plaintiff respectfully moves the court to disqualify pro se defendant Phillip T Newbury's appearance filed for Liberty Mutual Holding Company, Inc.,  Liberty Mutual Insurance Company, Safeco Insurance Company of Illinois and Howd & Ludorf LLC .  Or, in the alternative, plaintiff moves for an order from the court for Newbury to show cause why Newbury should not be disqualified.

Respectfully submitted,

*/s/  Dorothy A Smulley*
Dorothy A Smulley
Plaintiff, self-represented
408 Bar Harbour Road
Stratford CT 06614
tel/fax 203 386 0171
email frrancesca04@gmail.com

## CERTIFICATION

      I certify on December 12, 2021, a copy of plaintiff's motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      */s/ Dorothy A Smulley*
      Dorothy A Smulley