## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Dorothy A Smulley,                       CIVIL ACTION No. 3:21-cv-01318-OAW
      Plaintiff,
        v.
Liberty Mutual Holding Company Inc, *et al,*
      Defendants.                  March 22, 2022

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF
### OBJECTION TO DEFENDANT'S MOTION TO DISMISS (ECF60) and
### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Dorothy A Smulley (plaintiff self-represented), files her objection to defendant's, Daniel H Kryzanski (Kryzanski), motion to dismiss (ECF60).  Plaintiff also files a motion for partial summary judgment pursuant to Fed.R.Civ.P. 56. The collective defendants had an imputed duty to act in good faith and fair dealing but, as the facts of the record demonstrate, chose otherwise.

## I.    INTRODUCTION

Familiarity with the collective defendants and events is assumed.  See ECF34, 57. Core issues include 42 USC § 1983, principles of agency and conduct of defendant agents while acting as commissioners of Superior Court.  Plaintiff alleges negligence, civil contempt and abuse of process.  Plaintiff's arguments identify defendants' physical taking of plaintiff's property interest and the influencial pressures imposed upon Connecticut state judiciary in furtherance of their scheme.  Plaintiff seeks just compensation for the taking.

Plaintiff respectfully requests this objection be sustained and her motion for partial summary judgment be granted.

*(continued on page 7)*

**1**

**Table of Contents**

Table of Contents…………………………………………………………………  2

Table of Authorities………………………………………………………………  3

I        Introduction………………………………………………………………  1

II       Judicial Notices…………………………………………………………  6

III      Factual and Procedural History………………………………………9
         Factual Background…………………………………………………………9
         Procedural Background of the State Action……………………………10
         Procedural Background of this Federal Action…………………………14
         Discovery and Due Process………………………………………………14

IV       Legal Grounds – Fed.R.Civ.P. 12(b)(6)……………………..…………16

V        Arguments…………………………………………………..…………  17
         Rule 12(b)(1) Dismissal……………………………………………..……17
         Kryzanski fails to meet pleading standards………………………………17

VI       Legal Grounds………………………………………………………18
         Rule 56(a) Partial Summary Judgment…………………………………18

VII      Arguments………………………………………………………18
         42 USC § 1983 and the Functional Analysis………...…………………18
         The Functional Analysis of Qualified Immunity…………………………19
         Agency………………………………...…………………………………21
         42 USC § 1983 and Agency Apply………………………………………22

         Counts One and Two………………………………………………24

         Count 3 Civil Contempt Violative of CGS § 52-410………………………25
         *Taggart* and Civil Contempt…………………………………………25
         Aiding and Abetting Civil Contempt………………………………26
         Prospective Waiver Doctrine………………………………………26
         Fifth Amendment Takings Clause…………………………………28

         Count 4 Abuse of Process CGS CGS § 52-410…………………………30

VIII     Conclusion……………………………………………………….………31

         Certification………………………………………………………………31

## TABLE OF AUTHORITIES

### *Cases*                                                                    *Page*

***Agins*** *v City of Tiburon*, 447 US 255, 260 (1980)....................................28

***Amato*** *v. Campano, 141 Conn.* 247, 250, 105 A.2d 185 (1954)............................ 23

***Anderson*** *v. Liberty Lobby, Inc.*, 477 US 242, 247-48 (1986)..................................18

***Baez*** *v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015)............................18

***Baldwin*** *v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 25 (2d Cir. 2015)...........................18

***Bell*** *Atlantic Corp. v. Twombly*, 550 US 544, 127 S. Ct. 1955, 1959 (2007).............17

***Botticello*** *v Stefanovicz,* 177 Conn. 22, 25 (1979)................................................22

***Brunswick*** *v. Inland Wetlands Com.,*25 Conn.App. 543, 596 A.2d 463 (1991).......24

***Buckley*** *v Fitzsimmons,* 509 US 259, 268 (1993).........................................19, 20,22

***Butz*** *v Economou,*  438 US 478, 508 (1978)...............................................................19

***Central Bank*** *of Denver NA v First Interstate Bank of Denver NA,*

     511 US 164, 167 (1994)...............................................................................26

***Conley*** *v Gibson,* 355 US 41, 45-46 (1957)............................................................ 16

***Cooter*** *& Gell v Hartmarx Corp,* 496 US 384 (1990)...............................................30

***Doctor's*** *Assocs. Inc v Weible,* 92 F.3d 108, 114 (2d Cir. 1996)..............................30

***Estelle*** *v Gamble,* 428 US 97, 106, (1976)................................................................16

***Glatt*** *v. Fox Searchlight Pictures, Inc*., 811 F.3d 528, 533 (2d Cir. 2016)................18

***Golino*** *v. City of New Haven*, 761 F. Supp. 962, 965 (D. Conn. 1991)....................17

***Hishon*** *v King & Spalding,* 467 US 69, 73 (1984)....................................................16

***Hull*** *v. NCR Corp.*, 826 F. Supp. 303, 304 (E.D. Mo. 1993)....................................27

***Idlibi*** *v Ollennu,* (AC 42697) (Conn. App. Ct. July 6, 2021.....................................30

***In re*** *Griffiths*, 413 US 717, 725-26 (1973)............................................................. 23

***In re*** *Tustaniwsky*, 758 F. 3D 179, 184 (2d Cir.2014)...............................................17

***Klass*** *v. Liberty Mutual Insurance Company*, (SC 20451) (Conn. Jan. 11, 2022)....27

***Leonard*** *F v Israel Disc Bank of NY,* 199 F.3d  99, 107 (2d Cir. 1999)...................16

***Lingle*** *v. Chevron USA Inc.*, 544 US 528, 532 (2005)..............................................29

***Loretto*** *v Teleprompter Manhattan CATV Corp,* 458 US 419 (1982)......................28

***Lucas*** *v South Carolina Coastal Council,* 505 US 1003, 1019 (1992)....................28

***Lynch*** v Household Finance Corp, 405 US 538, 552 (1972)..................................29

***Mitsubishi*** Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 US 614 (1985).......26

***Moses*** H. Cone Memorial Hospital  v Mercury Constr. Corp., 460 US 1 (1983)......27

***Mozzochi*** v. Beck  204 Conn. 490, 495, 529 A.2d 171 (1987) .............................. 30

***Norton*** v Sam's Club, 145 F.3d 114, 117 (2d Cir.1998)...........................................17

***O & G*** Industries v American Home Assur.,
    254 A.3d 955, 964, 204 Conn.App. 614 (2021)..............................................15

***Pacelli*** Bros. Transportation Inc v Pacelli,
    189 Conn. 401, 407, 456 A.2d 325 (1983)....................................................15

***Prima*** Paint Corp. v Flood & Conklin Mfg Corp., 388 US 395, 406 (1967).............27

***Putman*** v Kennedy, 279 Conn.162, 169, 900 A.2d 1256 (2006)............................25

***Scott*** v. Harris, 550 US 372, 380 (2007).................................................................18

***Shakhnes*** v. Berlin, 689 F.3d 244 (2d Cir. 2012)....................................................19

***Sharkiewicz*** v Smith, 142 Conn. 410, 412, 114 A.2d 691(1955)...........................23

***Smulley*** v Safeco et al, No. FBT-CV19-6082597, Supr.Ct. JD Fairfield.................6

***Smulley*** v Safeco Ins Co of IL et al,
    No. 3: 20-cv-01888 (JAM) (D.Conn. Aug. 3, 2021)....................................... .7

***Smulley*** v Safeco Ins Co of IL et al, No. 21-2124 (2d Cir.)....................................27

***Stamford Norwalk*** Judicial District Grievance Panel v Philip Newbury,
    Statewide Grievance Committee, No. 19-0584 (July 30, 2021).....................7

***Streeter*** v Liberty Mutual Fire Insurance Co.,
    No. NNH-CV17-6071117, Supr.Ct. JD New Haven (May 3, 2019)................7

***Success*** Centers Inc v Huntington Learning Centers Inc,
    223 Conn.761, 613 A.2d 1320 (1992)...........................................................11

***Sung*** Cho v City of New York, 910 F.3d 639 (2d Cir. 2018....................................29

***Taggart*** v. Lorenzen,
    587 US ____, 139 S. Ct. 1795, 204 L. Ed. 2D 129, (2019)...............15,25,26

***Thalheim*** v Greenwich, 256 Conn. 628, 654, 775 A.2d 947 (2001)......................24

***Therasense*** Inc v Becton Dickinson & Co,
    649 F.3d 1276, 1287 (Fed.Cir. 2011)......................................................15, 25

***Turner*** v Boyle, 116 F.Supp.3d 58, 85 (D.Conn.2015)...........................................30

***Victory*** v. Pataki, 814 F.3d 47, 59 (2d Cir. 2016)...................................................18

***Villager*** Pond. Inc. v Town of Darien, 56 F.3d 375, 378 (2d Cir.1995)..............16,17

4

***West*** *v Atkins,* 487 US 42, 49 (1988)..............................................................24

***Youngs*** *v Fusaro,* 179 F.Supp.3d 198, 204 (D.Conn.2016)..........................................19

***Yueqing*** *Zhang v Gonzales,* 426 F.3d 540 (2d Cir.2005)...............................................17

### *Constitution*

Fifth Amendment Taking Clause…………………...……………………………………14, 28,29

### *United States Code*

42 USC § 1983 …………………………………………………………………………passim

### *Federal Rules of Civil Procedures*

Rule 12(b)(6)……………………………………………………………………..…...passim
Rule 56(a)……………………………………………………………………………1,9,18, 27

### *Connecticut General Statutes*

Sections 14-65f – 14-65j.................................................................................10
Section 38a-290...............................................................................................27
Section 38a-353...............................................................................................10
Section 38a-354...............................................................................................10
Section 38a-355...............................................................................................10
Section 38a-816...............................................................................................10
Section 42-110g...............................................................................................10
Section 51-84.............................................................................................14, 24
Section 51-85.......................................................................................... ....20
Section 52-410...........................................................................................passim
Section 52-564...............................................................................................10

### *Connecticut Practice Book*

Section 2-15A(c)(2)..........................................................................................24
Section 13-23a.................................................................................................10

### *Other*

15 S. Williston, Contracts § 1750A (3d ed. 1972)........................................26
J. Locke, Of Civil Government 82-85 (1924)…...……………………………………29
J. Adams, A Defense of the Constitutions of Government of USA,F.Coker,
        Democracy, Liberty, and Property 121-132 (1942)……………………………29
W. Blackstone, Commentaries *138-140…………………………………………29
*https://www.avvo.com/attorneys/06114-ct-philip-newbury-1449821.html*......................7
*https://en.wikipedia.org/wiki/inquitable_conduct*..........................................25

## II  JUDICIAL NOTICE

1.  There are three principals cited in this complaint, (1) Safeco Insurance Company of Illinois (Safeco), (2) Liberty Mutual Insurance Company (LMI), and (3) parent Liberty Mutual Holding Inc (LMH).  Also cited are Howd & Ludorf LLC (H&L Law), agent for the three principals with Phillip T Newbury Jr (Newbury), an individual, providing services on behalf of H&L Law.  Berchem Moses PC (BM Law) is agent for nondefendant Traynor Collision Center with Jonathan D Berchem, an individual, providing services on behalf of BM Law.  And, Daniel H Kryzanski, an individual, is agent providing services for nondefendant Breezy Point Auto Body Inc.

2.  Newbury, Berchem and Kryzanski each have a dual capacity where each also act as commissioner of Superior Court under color of state law.  To the extent the agents were negligent, either in tort or *per se*, such negligence is imputed to the principals (this brief p.21-27).

3.  Plaintiff's affidavit and Statement of Material Facts not in Dispute with exhibits describe in detail the negligence and civil contempt alleged in the underlying state action *Smulley v Safeco Insurance Company of* IL, F BT-CV19-6082597, Conn. J.D. Fairfield (state action).

4.  Written fact discovery was in process when the state action was abruptly interrupted by Newbury who sought an untimely binding and unrestrictive arbitration.   As discussed  elsewhere in this brief, admissions are identified in relevant sections of the Rule 56 Statement and incorporated here where necessary.

5.  This district court's stay of discovery has prejudiced plaintiff to the extent the stay prevented completion.  Plaintiff argued then (ECF54) and continues to argue,

plaintiff has a due process right to discovery which is ignored by the stay.  Plaintiff filed a motion for clarification (ECF56) January 23, 2022, has not as yet been heard.

6.      Defendant Newbury's interference extended to a related action now pending before the Second Circuit, *Smulley v Safeco Insurance et al,* No. 3:20cv1888-JAM (D.Conn. 2021).  Defendant CCC Information Services Inc, now known as, CCC Intelligent Solutions Inc (CCC), identified during discovery, provided software to Safeco, LMI and presumed all LMH-controlled entities, in addition to Safeco-controlled repair shops like defendant Breezy.  The software is realtime, interactive and permissive which allows for data exploitation by authorized users.  The data exploitation is violative of Connecticut General Statutes governing motor vehicle damage repair.  This is discussed more fully elsewhere (this brief p.9; 12; 27).

7.      And to round out the extent of Newbury's notoriety in unrelated actions, see *Streeter v Liberty Mutual Fire Insurance* Co., No. NNH-CV17-6071117, Supr.Ct. JD New Haven (May 3, 2019) *(Newbury and H&L Law disqualified from representing defendant for professional ethics violations during litigation).*  See also, *Stamford Norwalk Judicial District Grievance Panel v Philip Newbury,* Statewide Grievance Committee, No. 19-0584 (July 30, 2021) *(professional ethics violations during litigation).*

> "A reprimand is an order from the Statewide Grievance Committee after it has found that an attorney has engaged in ethical misconduct.  If an attorney receives more than 3 reprimands in 5 years, a presentment must be filed against the attorney so the Superior Court can decide if more serious discipline should be ordered."

*https://www.avvo.com/attorneys/06114-ct-philip-newbury-1449821.html,* viewed 1/27/2022.

8.      In this matter, Attorney Kryzanski represents Breezy, a motor vehicle repair shop.  Kryzanski's 12(b)(6) memorandum alleges the complaint fails to, *[cite] any*

**7**

*instance... which would tend to prove... Civil Contempt or Abuse of Process* (ECF60-1 p1).  Kryzanski's argument is unsupported, not only by the record but inadequately briefed.  More about this elsewhere (this brief p.17; 25-30).

9.      Kryzanski also complained in his answer and special defenses, "*This is a frivolous vexation lawsuit with no merit."*  (ECF26 p.1).  Strong words by someone without all the facts.

10.     Brievity is Kryzanski's strong feature, a clear demonstration of contempt for a pro se plaintiff who dares to take up judicial time let alone seek judicial relief.  Perhaps Kryzanski's opinion along with Newbury's legal hyperbole cleared the way for this district court's stay of discovery.

11.     Kryzanski ignores material facts, ie, the identifiable fees (Aff¶ 62) [1] violative of the repair statutes (Aff¶ 36) and Breezy's *ex parte* attempt to seek title of plaintiff's vehicle through the Department of Motor Vehicles (Aff¶ 57).

12.     Kryzanski's conclusions are third hand.  Although representing Breezy throughout, Kryzanski seldom appeared for hearings and most times, failed to participate in motion practice.  But with due respect, perhaps Newbury so ordered.

13.     Kryzanski's' own conduct opens up questions about integrity and, by extension, the integrity of all attorneys who fraudulently misrepresent and withhold material facts during court proceedings as Newbury did in the state action and, just as Newbury is doing here.  Plaintiff requests this court to rely on the undisputed material facts of the record.

---

[1]      Affidavit and paragraph number will be cited (Aff¶___).
         Complaint and paragraph number will be cited (C¶___).
         Exhibit number will be cited (E___).

14.     Kryzanski ignores core issues, agency and, most significant, 42 USC § 1983 and questions of law regarding *commissioner of Superior Court*.  The definition of *state acto*r must be analyzed based upon the quirkiness of Connecticut law.  This is discussed in greater detail throughout this brief as core issues are addessed.

III     **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff's affidavit filed in support is an accurate rendition of undisputed facts supported on the record as is her Rule 56 statement.  The attorneys here, Newbury (ECF18, 38), Berchem (ECF45-1) and Kryzanski (ECF60-1), reworded events to infer a conclusion unsupported by the record.  Newbury's involvement occurred about a year into litigation.  And, Berchem like Kryzanski, did not fully participate and if B&M Law did, the participation was not Berchem himself.

This litigation spans over three years commencing in 2018.  A simple motor physical damage claim which should have never resulted in any litigation whatsoever.  Yet, here we are.  Why?  Because permissive software plus data exploitation equals CCC.  Plaintiff stumbled upon LMH, LMI and Safeco's digital scheme inadvertently but the consequences, at least here in Connecticut, are great.    District court should require answers.  Thus, rendition of facts by Newbury, Berchem and Kryzanski are third-hand, distant and remote with conclusions often in conflict with the state record.  The court should rely on plaintiff's chronological facts.

### *Factual Background*

79.     Plaintiff incorporates by reference paragraphs 1 through 78 of Plaintiff's Statement of Material Facts Not In Dispute pursuant to Fed.R.Civ.P 56 and Local Rule 56(a)1 as if fully stated herein.

***Procedural Background of the State Action***

80.     Plaintiff filed her complaint January, 22, 2019, against Safeco Insurance Company of Illinois (Safeco) and two auto repair facilities.  Plaintiff alleged negligence against all three for failure to repair and for withholding material facts in violation of Connecticut General Statutes (CGS) § 14-65f through 14-65j.  Plaintiff also alleges the intentional misrepresentations and the intentional physical destruction of plaintiff's vehicle by Safeco's agents and employees falsely attributed to plaintiff's accident was criminal and violative of CGS §§ 38a-353, 38a-354, 38a-355, 38a-816,42-110g and 52-564.

81.     The parties engaged in motions practice and written fact discovery. Berchem objected to plaintiff's request to admit to which plaintiff responded (E3, state docket 166.00).  Neither Newbury nor Kryzanski responded within the time frame permitted by Superior Court Rule § 13-23a which have been deemed admitted accordingly (E2 state docket 175.00; E4, state docket 173.00).

82.     Newbury, unhappy with Berchem who sought settlement and with a trial scheduled for mid-year 2020, filed an untimely motion to compel arbitration under CGS § 52-410.  The state court granted the motion February 21, 2020, one week prior to a scheduled judicial settlement conference.  The court viewed the appraisal clause in Safeco's insurance policy Part D (E1) as an agreement to arbitrate and ordered binding and unrestrictive arbitration including questions of law, all of which plaintiff objected.  The court also ordered a stay which remains in effect.

83.     Soon after, the COVID pandemic hit.  The state courts effectively closed mid March, 2020, which lockdown continued throughout the next year.  Eventually, the

10

shutdown gradually lifted with remote conferences and hearings.

84.     CGS § 52-410 permits an appeal which plaintiff filed.  However, the Appellate Court found the order deficient in procedure and determined the order constituted a stay only.  Section 52-410 creates an independent action which can be instituted only by a properly served writ of summons and complaint.  See *Success Centers Inc v Huntington Learning Centers Inc,* 223 Conn.761, 613 A.2d 1320 (1992).

85.     On remand, and pressured by Newbury, Superior Court refused to conform to the Appellate order.  If Newbury complied by serving a separate writ of summons and complaint, a formal insurance reserve for the claim would have to be actuarially established.  Without a separate writ, and as the physical damage claim stood then and still, actuarially, there is no reserve.  Safeco failed to establish a reserve because Newbury interferred with the actuarial process which requires a reserve.  As far as Safeco is concerned, plaintiff's state court action does not exist nor did the action ever exist pursuant to Newbury.

86.     Newbury pressured Kryzanski also.  Kryzanski, in turn, pressured Breezy's president, Thomas Therriault.  The result was a demand for payment of $1,471.36 under threat of losing title to plaintiff's vehicle (Aff¶¶ 57-63).  The amount demanded was Traynor's storage fees and Breezy's towing fee, costs normally covered by insurance in a covered physical damage insurance claim.  But there is no reserve so there is no payment for the fees.

87.     Over the next year and with continual pressure from Newbury, Superior Court issued a number of different interpretations of the court's previous order.   The first interpretation, the order for binding and unrestrictive arbitration, remains to this day.

**11**

Superior Court has not vacated the order in fear of appearing to conform to the Appellate order.  A second interpretation of discretion was issued but lacked any substantive support to set aside the requirements of § 52-410.  The third interpretation said the appraisal process was not dependent on Safeco filing anything further.  Sounds in subjective discretion when CGS § 52-410 is clearly objectve and thus also lacked substantive support.

88.     Newbury is losing patience.  Questions are being raised inside Liberty Mutual as to why plaintiff's physical damage claim remains open with zero reserve when, technically, there was no claim.

89.     And what about plaintiff's federal claim against CCC pending in the Second Circuit?  Dismissed because Newbury pressured the federal judge to find the claim failed to meet the minimum financial threshold of $75,000.  Unfortunately, the real reason is Newbury's interference with the legal representation of who appeared for CCC.  The law firm, Conway Stoughton's principal member, Jay Huntington, is husband to Judge Meyer's long term court monitor, Diana Huntington.  How did Newbury interfere?  The legal community is a small world especially in the insurance industry and Newbury has been around for a very, very long time.

90.     Newbury's pressure culminated in pressuring Superior Court to issue monetary sanctions against plaintiff.  Without notice, without a hearing, without giving plaintiff an opportunity to be heard, Superior Court *sua sponte* ordered payment of $75 per day.  The order effectively demands plaintiff to waive her rights under the ambiguity of the appraisal clause, language constructed by Safeco in the interest of Safeco to the detriment of the insured where in this matter, is plaintiff.  Essentially, this fourth

**12**

interpretation is a court-ordered waiver of rights.

91.     Superior Court created a conflict when the court relied on Newbury's untimely motion to compel thereby shutting down the docket.  The court misapplied the law because Newbury misrepresented the law applied.  The failure of the reviewing courts to clarify, let stand Superior Court's conflicts created.  The end result in all of this has deprived plaintiff not only of all due process but of her property interest without any just compensation.

92.     Plaintiff's vehicle was destroyed by Safeco's Maldonado as sanctioned by Safeco's Allyn and as reinforced by Breezy's Kristopik.  Newbury has been successful in preventing any repairs irrespective of plaintiff's rights under the policy which requires timely repairs.

93.     Case law is contradictory and the state reviewing courts choose not to engage the issue.  What is the procedure when an insurer counsel like Newbury refuses to comply with the clear meaning of a state law and Superior Court denies conformance with the reviewing Appellate order?  Although plaintiff made several attempts procedurally to obtain an answer, Newbury has always been successful in reaching the right person to toss out plaintiff's inquiry.

94.     Plaintiff paid for an insurance policy to pay for physical damage repairs.  To prevent repairs, Safeco ordered plaintiff's vehicle vandalized twice, December 11, 2018, and December 14, 2018.  The Safeco adjuster, Maldonado, no longer is employed by Safeco.  But the supervisor, Allyn, the man with the Massachusetts license which protects him from personal penalities for ordering such destruction of personal property, Allyn remains with Liberty Mutual in Wallingford, Connecticut.

**13**

### *Procedural Background of this Federal Action*

95.     Plaintiff filed this 42 USC § 1983 action October 5, 2021, (ECF1) to preserve her constitutional rights.  Plaintiff alleges the conduct of Newbury, Berchem and Kryzanski, acting under color of state law pursuant to General Statute § 51-84 and in their dual capacity acting as agents for their respective principals interfered with plaintiff's due process rights.  The state actor's collective interfering conduct caused intentional and criminal destruction of plaintiff's property interest and violated the Taking Clause of the Fifth Amendment and Fourteenth Amendments without just compensation.

96.     Plaintiff further alleges the collective state actors' interfered with plaintiff's contractual insurance rights under plaintiff's insurance policy issued by Safeco.  The result of the interference caused vandalism of plaintiff's vehicle while in the care, custody and control of one or more of the state actors.

97.      On November 17, 2021, Newbury filed a motion to dismiss on behalf of Safeco, LMI, LMH, H&L Law and himself (ECF17).  Plaintiff objected (ECF34) with affidavit (ECF34-1). Safeco replied (ECF39). Plaintiff's arguments are consolidated here.

### *Discovery and Due Process*

98.     Newbury also filed a motion to stay discovery (ECF51).  Plaintiff objected (ECF52) but district court ruled otherwise (ECF53).

99.     Plaintiff was substantially prejudiced by the court's decision because discovery is a due process right.  The due process right is recognized in the Second Circuit as evidenced by the Circuit's Standing Order on Scheduling in Civil Cases.  And, in cases where a plaintiff is pro se, discovery is the only means available to obtain evidence needed to reinforce allegations in the complaint.  The court unfairly limited

**14**

plaintiff on her ability to object to the motions to dismiss.  A prohibition of written fact

discovery where correspondence and witnesses unknown to plaintiff could solidify

plaintiff's allegations is significantly prejudicial.  Simply put, court unfairly limited plaintiff

from presenting her case and perfecting the record.  A prohibition of discovery is a

predetermined dismissal.  Dismissal should be considered *after* discovery, not before.

100.    Newbury is an attorney with unclean hands.  Unclean hands conduct is

known to be reckless, unfair and unreasonable.  *O & G Industries v American Home

Assur.*, 254 A.3d 955, 964, 204 Conn.App. 614 (2021).  Newbury exercises a deliberate,

disruptive strategy which conflicts with an implied covenant of good faith and fair dealing.

*Pacelli Bros. Transportation Inc v Pacelli,* 189 Conn. 401, 407, 456 A.2d 325 (1983)

*(utmost good faith equates with fair dealing).*  The facts of the record speak of

inequitable conduct.  "Inequitable conduct is a breach of the… duty of candor and good

faith during proceedings by misrepresenting or omitting material information…"  See

*Therasense Inc v Becton Dickinson & Co.,* 649 F.3d 1276, 1287 (Fed.Cir.2011).

101.    Attorneys and their law firms who fall far short of a standard of good faith

and fair dealing were discussed in *Taggart v. Lorenzen,* 587 US ____, 139 S. Ct. 1795,

204 L. Ed. 2D 129, (2019).  *Taggart* is a bankruptcy discharge of debt case.  The

discharge operates as an injunction against a creditor from collecting on the debt.  The

Supreme Court held, "A court may hold a creditor in civil contempt for violating a

discharge order if there is *no fair ground of doubt* as to whether the order barred the

creditor's conduct."  *Taggart,* 139 S.Ct.1800-04.  "Civil contempt sanctions may be

warranted when a party acts in bad faith…" *Taggart,* 139 S.Ct.1801-02.  The standard,

*fair ground of doubt*, is dispositive and discussed elsewhere (this brief p.25-26).

**15**

102.    On December 20, 2021, Peter Biging (Biging), counsel for BM Law and Berchem filed a motion to dismiss (ECF45).  Plaintiff objected (ECF57) with affidavit (ECF57-1) to which a reply was filed (ECF58).

103.    On November 27, 2021, Kryzanski filed an answer and a special defense. On February 15, 2022, Kryzanski filed a motion to dismiss (ECF60).  Plaintiff's objection and motion for partial summary judgment follow.

## IV      LEGAL GROUNDS - *Fed.R.Civ.P. 12(b)(6)*

A Fed.R.Civ.P. 12(b)(6) motion must be decided on, "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken."  *Leonard F v Israel Disc Bank of NY,* 199 F.3d  99, 107 (2d Cir. 1999).  The focus, therefore, is, "not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims." *Villager Pond. Inc. v Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995). "[T]he court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff."  *Hishon v King & Spalding,* 467 US 69, 73 (1984);  *"*The issue is not whether a plaintiff will prevail, but whether [she] should be afforded the opportunity to offer evidence to prove [her] claims." *Conley v Gibson,* 355 US 41, 45-46 (1957).  Where a plaintiff is appearing *pro se,* the complaint must be liberally construed in the plaintiff's favor and must be held to less stringent standards than formal pleadings drafted by lawyers.  *Estelle v Gamble,* 428 US 97, 106, (1976).

**V       ARGUMENTS**               *Rule 12(b)(6) dismissal*

Plaintiff's arguments in Newbury (ECF34 p.18-29) and Berchem (ECF57 p.17-26)

are incorporated by reference *as if fully stated.*  Plaintiff's arguments here, therefore, will

have some overlap.

**Issue 1        *Kryzanski fails to meet pleading standards***

Kryzanski argues,

*"The Plaintiff has not cited any instance in the Complaint which would tend to
prove that the Defendant, Daniel H. Kryzanski committed "Civil Contempt" or
"Abuse of Process".* (ECF60-1 p.1)

 A "motion to dismiss does not need detailed factual allegations... a plaintiff's

obligation [is] to provide the grounds of his entitle[ment] to relief."  *Bell Atlantic Corp. v.

Twombly*, 550 US 544, 127 S. Ct. 1955, 1959 (2007).  The focus, therefore, is, "not

whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer

evidence to support the claims." *Villager Pond, supra.*

Kryzanski's sentence is his entire argument.  This is significantly less than bare

minimum.  "[C]onclusory... denials in legal memoranda... are not evidence and cannot by

themselves create a genuine issue of material fact where none would otherwise exist."

*Golino v. City of New Haven*, 761 F. Supp. 962, 965 (D. Conn. 1991).  Without plausible

arguments as to why Kryzanski should prevail, plaintiff considers the 12(b)(6) motion to

dismiss waived for failure to adequately brief his arguments for dismissal.  "[i]ssues not

sufficiently argued in the briefs are considered waived and normally will not be

addressed on appeal."  In re Tustaniwsky, 758 F. 3D 179, 184 (2d Cir.2014).  See also,

*Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir.2005) *(same);*

*Norton v Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) *(same).*

**17**

**VI      LEGAL GROUNDS**          *Rule 56(a) Partial Summary Judgment*

Pursuant to Federal Rule of Civil Procedure 56(a), "[s]ummary judgment is appropriate only if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Glatt v. Fox Searchlight Pictures, Inc*., 811 F.3d 528, 533 (2d Cir. 2016). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 US 242, 24-48 (1986).  "[A] fact is material if it might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 25 (2d Cir. 2015) citing *Liberty Lobby, Inc*., 477 US at 248.  "[A] court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016), as amended (Feb. 24, 2016).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Baez v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015) citing *Scott v. Harris,* 550 US 372, 380 (2007).

**VII      ARGUMENTS**          *42 USC 1983 and the Functional Analysis*

Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.  "Section 1983 does not itself confer substantive rights on a plaintiff, but is instead the means by which an injured party may

seek vindication."  *Youngs v Fusaro,* 179 F.Supp.3d 198, 204 (D.Conn.2016).  Simply

put, "[v]iolations of rights thus give rise to § 1983 actions."*Shakhnes v. Berlin,*  689 F.3d

244, 250 (2d Cir. 2012).

### *The Functional Analysis of Qualified Immunity*

Section 1983 subjects to liability, "[e]very person" who, acting under color of state

law, commits the prohibited acts.  *Buckley v Fitzsimmons,* 509 US 259, 268 (1993) citing

*Tenney v Brandhove,* 341 US 367, 376 (1951).  "Most public officials are entitled only to

qualified immunity.  *Harlow v Fitzgerald,* 457 US 800, 807 (1982);  *Butz v Economou,*

438 US 478, 508 (1978).  Under this form of immunity, government officials are not

subject to damages liability for the performance of their *discretionary* functions when

their conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known."  *Buckley, Id.*  "[T]he official seeking

absolute immunity bears the burden of showing that such immunity is justified for the

function in question."  *Buckley,* 509 US at 269.  "[W]e [the Supreme Court] have applied

the functional approach… which looks to the nature of the function performed, *not the*

*identity of the actor who performed it*."  *Buckley, Id.* (Emphasis added; internal quotation

marks omitted.)

Contrary to any attorney's argument, attorneys are not entitled to a protected

classification for their actions in giving legal advice to clients.  See *Buckley,* 509 US at

271.  The Supreme Court's approach focuses on the conduct for which privilege is

claimed, not on the harm the conduct may have caused or the question of lawfulness.

The actions of Newbury, aided and abetted by Berchem and Kryzanski, are not

privileged just because they are performed by attorneys.  When functions are

administrative or ministerial versus discretionary as commissioner of Court, privilege does not hold. *Buckley,* 509 US at 273.

Newbury planned and executed a strategy to remove plaintiff's complaint from the state judicial process through the manipulation of CGS § 52-410.  Berchem and Kryzanski followed orders.  Newbury expected a bare minimum and they complied.  The state action docket reflects this.  Newbury effectively and interestingly managed to transfer the defense of Safeco, Traynor and Breezy into the hands of Superior Court.  Nothing else was required.

The undeniable fact is Superior Court's management of the docket places judicial pressure, as well as peer pressure, on judges daily.  When confronted with a case, no matter how simple the issues, by a pro se plaintiff opposed by experienced legal counsels, the pressure magnifies. This pressure, perhaps subtle and indirect, is as real as any overt compulsion.  What should have taken less than a year to resolve through ordinary skill and common sense, is now in a fourth year.  Superior Court drew the wrong conclusions in reliance on Newbury.  The direction Newbury pressured court to risk in effect, caused the destruction of plaintiff's vehicle just by the sheer weight of passing time.  Add the vandalized condition imposed by Safeco's Maldonado and doubled by Safeco's Kristopik equals zero.  Berchem's Traynor could have stopped Maldonado but did not.  Kryzanski's Breezy could have stopped Kristopik but did not.  Why?  Because Newbury said so.  Newbury's pressure upon state court continues to prevent plaintiff's case from resolution.  Plaintiff's Rule 56(a) statement describe statutory fraud which extends beyond Connecticut.  See also ECF57 p.18.

Under the functional approach mandated in *Buckley,* Newbury, Berchem and Kryzanski are licensed attorneys designated commissioners of Court, judicial functionaries as a result of special duties, rank and protected class granted by the state under statute. Newbury, Berchem and Kryzanski are also agents acting on behalf of their respective law firms for principals who have retained the law firms to provides legal services.  The ministerial acts which separates conduct from protected conduct is the function performed as agent.  Under the functional approach analysis, Newbury, Berchem and Kryzanski's conduct as commissioners of Court also tosses them into the area of quasi-protected state actors.

These arguments have been put forth by others in unrelated matters but not fully analyzed by district courts whether by lack of judicial interest or otherwise.  District court's indifference to the analytical functional approach may be because no judge wants to take on critical thinking of function.  The approach does require a thorough dissecting of attorney conduct.  Legal representation of the party plays a major part.  A party represented by an attorney will not argue the functional analysis to the court because of the attorney's own personal stake in the issue and outcome.  Only a self-represented party will do so which is the very reason district courts refuse to allow a matter to move beyond 12(b)(6) for full review.  Irrespective of what is couched in case law, district courts here in Connecticut shun pro se's.  This court's prohibition of discovery at such an early stage is a clear demonstration.

### *Agency*

"Agency is defined as the fiduciary relationship that arises when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the

principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act."  *LeBlanc v New England Raceway LLC,* 116 Conn. App.267, 274 (2009).  "[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking."  *Botticello v Stefanovicz,* 177 Conn. 22, 25 (1979).

Under these agency principles, Safeco had a contractual duty to plaintiff to act in good faith and fair dealing and did not.  Maldonado's vandalism could have been stopped.  Maldonado was at Traynor in broad daylight ripping plaintiff's car apart.  Made noise too but did anyone hear or care?  No way.  Liberty Mutual supervisor Allyn who directed the vandalism could have changed his mind and stopped Maldonado but did not.  In fact, Allyn ordered the second vandalism once the vehicle was towed to Breezy. Newbury, Berchem and Kryzanski knew or in the exercise of reasonable care, should have known their misrepresentations and fabrications to Superior Court violated clearly established statutory and constitutional rights which, presuming each are reasonable people, would have known.  See *Buckley,* 509 US at 269.

### *42 USC § 1983 and Agency Apply*

Under the traditional principles of agency, defendants LMH, LMI and Safeco along with nondefendants Traynor and Breezy, are principals.  Newbury acting on behalf of H&L Law, Berchem acting on behalf of B&M Law and Kryzanski acting on behalf of his sole proprietorship, are agents of their respective principals.  These facts are undisputed. "In Connecticut each attorney-at-law admitted to practice within the state, while in good

standing, is a commissioner of the Superior Court and in that capacity, may, within the state, sign writs, issue subpoenas, take recognizance and administer oaths.." *Amato v. Campano*, 141 Conn. 247, 250, 105 A.2d 185 (1954); see also, General Statute § 51-85.

"The signing of a writ by a person as a commissioner of the Superior Court is not a mere ministerial act." *Sharkiewicz v Smith*, 142 Conn. 410, 412, 114 A.2d 691(1955).

*In re Griffiths*, a constitutional issue centered on Connecticut bar admissions, the Supreme Court recognized the duality of Connecticut attorneys as follows.

"Connecticut can, and does, require appropriate training and familiarity with Connecticut law. Apart from such tests of competence, it requires a new lawyer to take both an attorney's oath to perform his functions faithfully and honestly and a commissioner's oath to "support the constitution of the United States, and the constitution of the state of Connecticut." *In re Griffiths*, 413 US 717,725-26 (1973)

Justice William Rehnquist, in his dissent on other grounds, recited the history;

"In the common-law tradition the lawyer becomes the attorney—the agent— for a client only by virtue of his having been first invested with power by the State, usually by a court The lawyer's obligations as an officer of the court permit the court to call on the lawyer to perform duties which no court could order citizens generally to do, including the obligation to observe codes of ethical conduct not binding on the public generally."Id,731.

"The concept of a lawyer as an officer of the court and hence part of the official mechanism of justice in the sense of other court officers, including the judge, albeit with different duties, is not unique in our system but it is a significant feature of the lawyer's role in the common law. *Id.*

"The role of a lawyer as an officer of the court predates the Constitution; it was carried over from the English system and became firmly embedded in our tradition. It included the obligation of first duty to client. But that duty never was and is not today an absolute or unqualified duty. It is a first loyalty to serve the client's interest but always within— never outside—the law, thus placing a heavy personal and individual responsibility on the lawyer. That this is often unenforceable, that departures from it remain undetected, and that judges and bar associations have been singularly tolerant of misdeeds of their brethren, renders it no less important to a profession..."  *Id* at 732.

"The crucial factor in all these cases is that the advocates performed their dual role— officer of the court and advocate for a client— strictly within and never in derogation of high ethical standards."  *Id* at 733.

23

General Statute § 51-84 requires subjugation to rules and orders of all courts before which attorneys act.  This statute recognizes the inherent power of courts to impose sanctions against attorneys rather than against their clients in civil matters.  See *Thalheim v Greenwich,* 256 Conn. 628, 654, 775 A.2d 947 (2001).

And In *Brunswick,* a land use matter, the Connecticut Appellate held,

"An attorney is not merely the servant or agent of his client. His oath imposes on him duties and obligations to the court as well as to his client. He is an officer of the court and like the court itself, under a duty to advance the ends of justice. Where his duties to his client conflict with those he owes to the public as an officer of the court in the administration of justice, the former must yield to the latter."
*Brunswick v. Inland Wetlands Commission,* 25 Conn.App. 543, 547, 596 A.2d 463 (1991)

 "It is important to observe that upon admission to the bar of this [Connecticut] state, each attorney at law takes two separate and distinct oaths. One is the oath of an attorney pursuant to General Statutes § 1-25 and the other is the oath of a commissioner of the Superior Court pursuant to Practice Book § 18 [now 2-10]. It is in this latter capacity, as an officer of the Superior Court, that an attorney may issue writs…"
*Brunswick,* 25 Conn.App. at 554 Fn.4.

This special duality is further refined where,

"Authorized house counsels *shall not* represent themselves to be members of the Connecticut bar or commissioners of the Superior Court licensed to practice law in this state.  Such counsel may represent themselves as Connecticut authorized house counsel."  Practice Book § 2-15A(c)(2).

Simply put, "[A]cting under color of state law requires that the defendant[s] in a §1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer[s are] clothed with the authority of state law."  *West ,* 487 US 42, 49 (1988).

### Counts One and Two

Counts One and Two are not pled against Kryzanski and, therefore, do not apply.

### *Count Three Civil Contempt Violative of CGS § 52-410*

Count Three alleges, generally, procedural manipulation by the collective defendants, H&L Law, Newbury, BM Law, Berchem and Kryzanski, rise to the level of prejudicial collateral consequences which deprived plaintiff of her right to be heard in a meaningful way.  See *Putman v Kennedy,* 279 Conn.162, 169, 900 A.2d 1256 (2006). (C¶ 122).  "[I]nequitable conduct is a breach of the … duty of candor and good faith during proceedings by misrepresenting or omitting material information with the specific intent to deceive…"  *https://en.wikipedia.org/wiki/inquitable_conduct*. "  To prove inequitable conduct [plaintiff] must show that the [defendants] (1) withheld or misrepresented material information, and (2) did so with intent to deceive…"  See *Therasense Inc,,* 649 F.3d at 1287.

### *Taggart and Civil Contempt*

Second Circuit New York and other circuit cases are statutorily dissimilar in the treatment of state actor pursuant to 42 USC § 1983.  This is because of Connecticut's history and the dual role assigned to licensed attorneys.   Plaintiff relies on the Supreme Court and *Taggart v. Lorenzen*, 587 US __, 139 S. Ct. 1795, 204 L. Ed. 2d 129 (2019) in support of civil contempt.

*Taggart* is about attorneys and their law firms who fall far short of a standard of good faith and fair dealing.  *Taggart* is a bankruptcy discharge of debt case.  In bankruptcy, the discharge operates as an injunction against a creditor from collecting on the debt.  The case discusses numerous violations by various creditors who, disregard the discharge and proceed as if no bankruptcy order issued.  The Supreme Court held,

"A court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct."  *Taggart,* 139 S.Ct.1800-04.   "[T]he same traditional civil contempt principles apply... to the bankruptcy discharge context." *Taggart,* 139 S.Ct at 1802.

*Taggart* also cited the remedy for those, like Newbury, Berchem and Kryzanski who follow the same contemptible path and fall far short by acting in bad faith.

"In cases outside the bankruptcy context, this standard [fair ground of doubt] is generally an objective one.  A party's subjective belief that [he] was complying with an order ordinarily will not insulate [him] from civil contempt if that belief was objectively unreasonable.  Subjective intent, however, is not always irrelevant.  Civil contempt sanctions may be warranted when a party acts in bad faith…" (Citations and internal quotation marks omitted.)
*Taggart,* 139 S.Ct.at 1801-02.  *Taggart* is dispositive here.

### Aiding and Abetting

The issue here is, "whether private civil liability... extends as well to those who do not engage in the manipulative or deceptive practice, but who aid and abet..."  *Central Bank of Denver NA v First Interstate Bank of Denver NA,*511 US 164, 167 (1994). Personal-participation liability imposes liability on corporate officers who *authorize* or are the *guiding spirit* to induce others.  Thus, the aider and abettor must have knowledge of the primary violation and be in a substantive position to provide assistance to the primary violator.  *Id* at 168.

### Prospective Waiver Doctrine

A prospective waiver is, "[a] party's right to pursue statutory remedies for [future] violations [where] we [the Supreme Curt] would have little hesitation in condemning the agreement as against public policy."  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 US 614, 666 Fn.19 (1985).  See generally, 15 S. Williston, Contracts § 1750A (3d ed. 1972). To determine whether there is a valid agreement to arbitrate, courts apply ordinary state law principles which govern the formation of contracts.

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."  *Hull v. NCR Corp.*, 826 F. Supp. 303, 304 (E.D. Mo. 1993).  "In the second step, the court must determine whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Noble Capital Group LLC v US Capital Partners Inc,* No.A-19-CV-1255-LY (W.D. Tex. May 12, 2020).

Plaintiff's state action alleges a number of violative acts by the collective defendants based on statutory claims.  See Rule 56(a) Statement ¶¶ 20, 33, 36, 39, 41, 44, 55, 56, 69, 70, 71.  See also, CGS § 38a-290 *(time limitation on suit and arbitration claims)*.  In Connecticut, questions of law, ie, statutory claims, are excluded from the scope of the appraisal clause.  See *Klass v. Liberty Mutual Insurance Company*, (SC 20451) (Conn. Jan. 11, 2022) *(a question of coverage to be resolved by the court in the first instance before appraisal may proceed… appraisers cannot make coverage determinations [or decide] questions of law).*  See also, See *Prima Paint Corp. v Flood & Conklin Mfg Corp.,* 388 US 395, 406 (1967). (C¶68).

Here, in plaintiff's matter, Newbury's state court motion to compel is an attempt to remove, outside the judicial forum, future liability for Safeco's negligent conduct.  Thus, Safeco's appraisal clause is constructed as a prospective waiver of liability and must be condemned as against public policy. *Moses H. Cone Memorial Hospital  v Mercury Constr. Corp.,* 460 US 1, 24-25 (1983).

On a federal level, the pending Second Circuit litigation against permissive software company CCC may cause future liability.  See *Smulley v Safeco Ins Co of Il,* No. 21-2124, (2d Cir.)  Thus, the prospective waiver construct within the insurance policy

Part D appraisal clause would provide defendants sufficient protection but for unenforceability as against public policy.

Newbury, Berchem and Kryzanski knew, or in the exercise of reasonable care should have known of Newbury's attempts to thwart plaintiff's rights of choice of law. Newbury, Berchem and Kryzanski demonstrated contempt for the judicial forum, contempt for Connecticut statutory claims and contempt for statutory compliance, all of which demonstrates contempt for due process. Newbury, Berchem and Kryzanski's several and joint contempt clearly speaks as being against the United States Constitution and the protections afforded individuals like plaintiff. Newbury, Berchem and Kryzanski's ministerial conduct require sanctions.

### Fifth Amendment Takings Clause

Government regulation of private property "effects a taking if [such regulation] does not substantially advance legitimate state interests…" *Agins v City of Tiburon*, 447 US 255, 260 (1980). (C¶ 91). Where government requires an owner to suffer a permanent physical invasion of her property, however minor, just compensation is required. See *Loretto v Teleprompter Manhattan CATV Corp,* 458 US 419 (1982) *(state law requiring landlords to permit cable companies to install cable facilities in apartment buildings effected a taking).* The Takings Clause also applies to regulations which completely deprive an owner of "all economically beneficial us[e]" of her property. See *Lucas v South Carolina Coastal Council,* 505 US 1003, 1019 (1992). (C¶ 92).

Plaintiff's automobile accident occurred November 24, 2018. Safeco took control of the vehicle November 28, 2018, and has been in possession and control directly or through appointed agents since. The vehicle remains in a state of vandalism (E10)

inflicted by Maldonado and Kristopik and remains on Breezy's private property to which plaintiff does not have access. (C¶ 93).

Newbury, Berchem and Kryzanski had a quasi-judicial, statutory and contractual duty to act in good faith and fair dealing when, in fact, they did not.  The consequence of Newbury, Berchem and Kryzanski's failures effected an uncompensated taking of private property in violation of the Fifth and Fourteenth Amendments.  See *Lingle v. Chevron USA Inc.*, 544 US 528, 532 (2005).  The possession of plaintiff's vehicle November 28, 2018, captured now well over three years and still under Safeco Newbury's control, was an action taken by private parties without court supervision.  Possession was done under false guarantees of contractual repair.

> "Property does not have rights. People have rights. The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth a *personal* right, whether the *property* in question be a welfare check, a home, or a savings account. In fact, a fundamental interdependence exists between the personal right to liberty and the personal right in property. Neither could have meaning without the other. That rights in property are basic civil rights has long been recognized. J. Locke, Of Civil Government 82-85 (1924); J. Adams, A Defense of the Constitutions of Government of the United States of America, in F. Coker, Democracy, Liberty, and Property 121-132 (1942); 1 W. Blackstone, Commentaries *138-140.  Congress recognized these rights in 1871 when it enacted the predecessor of §1983.."

*Lynch v Household Finance Corp,* 405 US 538, 552 (1972).

Plaintiff's action here is not for the purpose of questioning or asking district court to analyze and interpret what state court did and why.  Plaintiff attacks the underlying attorney commissioners of Superior Court conduct as agents on behalf of the principals not the state courts' determinations which ratified the agents' conduct..  See *Sung Cho v City of New York,* 910 F.3d 639 (2d Cir. 2018).  Plaintiff brought suit pursuant to 42 USC § 1983 to vindicate her Fifth and Fourteenth Amendment violations.

Newbury, Berchem and Kryzanski and their respective law firms, among others, were and continue to be in civil contempt violative of CGS § 52-410 as a result of each, "...bringing pressure of any kind to bear upon [a] public officer… even if that person brought no pressure to bear on the public officer and left the decision to prosecute entirely in the hands of that public officer." *Turner v Boyle*, 116 F.Supp.3d 58, 85 (D.Conn.2015).  Newbury conspired and Berchem and Kryzanski aided and abetted.

Plaintiff's Count Three civil contempt violative of  CGS § 52-410 requires an imposition of contempt sanctions against H&L Law, Newbury, BM Law, Berchem and Kryzanski.  See *Cooter & Gell v Hartmarx Corp,* 496 US 384 (1990).

### *Count Four Abuse of Process CGS § 52-410*

Using the judicial process "...to gain a collateral advantage extraneous to the merits" of a case is an abuse of process under Connecticut law.  *Doctor's Assocs. Inc v Weible,* 92 F.3d 108, 114 (2d Cir. 1996).  The CGS § 52-410 actions as described here and in the complaint constitute the use of a legal process in an improper manner and primarily to accomplish a purpose for which contractual proceedings were not designed. See *Idlibi v Ollennu,* (AC 42697) (Conn. App. Ct. July 6, 2021) citing *Mozzochi v. Beck* 204 Conn. 490, 495, 529 A.2d 171 (1987) *(an attorney may be sued for misconduct by those who have sustained a special injury because of an unauthorized use of legal process).*  Newbury, Berchem, Kryzanski and other state actors acting under color of commissioners of Superior Court and as agents on behalf of principals, abused the judicial process and continue to do so unabated.

**VIII    CONCLUSION**

For all the reasons stated, plaintiff respectfully moves the court to deny

Kryzanski's motion to dismiss and grant plaintiff's motion for partial summary judgment.

Respectfully submitted,

*/s/  Dorothy A Smulley*
Dorothy A Smulley
Plaintiff, self-represented
408 Bar Harbour Road
Stratford CT 06614
tel/fax 203 386 0171
email frrancesca04@gmail.com

**CERTIFICATION**

I certify on March 22, 2022, a copy of plaintiff's motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/  Dorothy A Smulley*
Dorothy A Smulley