UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOROTHY SMULLEY, | ) | |
| Plaintiff, | ) | |
| | ) | 3:21-CV-01318 (OAW) |
| v. | ) | |
| | ) | |
| LIBERTY MUTUAL HOLDINGS CO. | ) | |
| INC., et al, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING MOTIONS TO DISMISS

**THIS CAUSE** is before the court upon Defendants' Motions to Dismiss ("Motions"). *See* ECF Nos. 17, 45, 60.[1]   The court has reviewed the Motions, an accompanying memorandum in support, *see* ECF No. 18, Plaintiff's oppositions to the Motions, *see* ECF Nos. 34 and 57,[2] Defendants' reply briefs, *see* ECF Nos. 38 and 58, and the record in this matter and is thoroughly apprised in the premises.  For the reasons discussed herein, the court will grant the Motions.

### I.   BACKGROUND

There are no material facts in dispute in this case.  Defendant Safeco Insurance Company of Illinois ("Safeco") issued Plaintiff a car insurance policy, from which arose a dispute that culminated in Plaintiff initiating a lawsuit in state court against Safeco and

---

[1] Defendants Howd & Ludorf LLC, Liberty Mutual Holdings Company Inc, Liberty Mutual Insurance Company, Phillip T. Newbury, Jr, and Safeco Insurance Company of Illinois filed the first Motion to Dismiss on November 17, 2021.  *See* ECF No. 17.  Defendants Jonathan D. Berchem and Berchem Moses PC filed their Motion to Dismiss on December 20, 2021.  *See* ECF No. 45.  Defendant Daniel Kryzanski filed his Motion to Dismiss on February 15, 2022.  *See* ECF No. 60.  All the defendants in this action have moved to dismiss the case against them, and they all make the same general arguments. This discussion will therefore refer to the Motions in the aggregate and will not delve into the specifics of any particular Motion to Dismiss.

[2] Plaintiff did not file a response to Defendant Kryzanski's Motion to Dismiss.

two vehicle repair establishments.[3] [4]   ECF No. 1 at 1, 8.  Safeco moved to enforce an appraisal clause contained in the insurance contract and stay the action pending appraisal, which motion the state court granted.  *Id.* at 8-9.  Plaintiff declined to engage in the appraisal process, though, and Safeco moved for a judgment of nonsuit against Plaintiff.  *Id.* at 17-18.  The state court issued an order that instructed Plaintiff to engage in the appraisal process or risk dismissal and that also sanctioned her with a fine of $75 per day that she failed to comply.  *Id.*

Plaintiff then filed this suit asserting claims against Safeco and its corporate affiliates, Liberty Mutual Holdings Company Inc. and Liberty Mutual Insurance Company (together, the "Corporate Defendants"); and the attorneys and firms that represent the state-court defendants: Howd & Ludorf LLC, Phillip T. Newbury, Jr., Berchem Moses PC, Jonathan D. Berchem, and Daniel H. Kyrzanski (together, the "Counsel Defendants"). She purports to bring claims against all Defendants under § 1983 of Title 42 of the United States Code.  She seeks declaratory judgment in the form of a determination of her rights, and she asks the court to vacate the orders the state court issued in the underlying action. Defendants assert that the case must be dismissed because, inter alia, there is no federal question jurisdiction[5] and Plaintiff has failed to state a claim upon which relief may be granted.

---

[3] The other state-court defendants are not parties to this action, and no other parties to this action are parties to the state court action.
[4] The court takes judicial notice of the underlying action, *Smulley v Safeco Insurance Company of Illinois*, F BT-CV-19-6082597, Conn. Super. Ct. 2019)
[5] Plaintiff does not assert that diversity jurisdiction exists.

## II.   LEGAL STANDARD

It is axiomatic that federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is absent.  *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011).  "[T]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002).

Furthermore, an action must be dismissed where the facts alleged in the complaint are insufficient to state a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in a plaintiff's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555; *see also Ashcroft*, 556 U.S. at 684 (concluding that the *Twombly* pleading standard applies in "all civil actions").

## III.   DISCUSSION

It must be noted at the outset that Plaintiff's claims are somewhat difficult to discern.  She alleges at the beginning of the complaint that Defendants, jointly and severally, seek to deprive her if her constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, and that she is bringing suit pursuant to § 1983 of Title 42 of

the United States Code.[6]  ECF No. 1 at 1-2.  However, she also asserts four counts, none of which refer to § 1983.  Count One alleges that the Corporate Defendants' appraisal clause violates Plaintiff's Fifth Amendment due process rights; Count Two alleges negligence against the Corporate Defendants; Count Three asserts a violation of Connecticut's civil contempt statute against the Counsel Defendants; and Count Four asserts abuse of process in violation of Connecticut law against all Defendants.  Section 1983 claims may only be brought "against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights *under the Constitution or federal law.*"  *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (emphasis added); *see also* 42 U.S.C. § 1983.  The court therefore cannot read the complaint to bring the enumerated Counts through § 1983, but instead will construe the complaint to bring an additional § 1983 claim independently of the enumerated Counts.

The court must now look to these five claims and determine whether jurisdiction over those claims properly lies with a federal court.  Plaintiff first asserts that federal jurisdiction exists in this case because it deals with the business of insurance, which involves interstate commerce and is therefore subject to federal jurisdiction under the Commerce Clause.  She asserts supplemental jurisdiction over her state-law claims.

Plaintiff's first argument rests on an incorrect premise, however, for Congress has passed legislation that very explicitly states that "[t]he business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business."  15 U.S.C. § 1012.  In passing this legislation,

---

[6] Later, she also makes reference to the First Amendment, but without any accompanying argument or even a clear assertion that her First Amendment rights have been violated, and the so the court will not address this reference.

Congress specifically intended to thwart the very argument Plaintiff is trying to make here. *See Grp. Life & Health Ins. Co. v. Royal Drug Co.*, 440 U.S. 205, 219 n.18 (1979) ("[Section 1012 of Title 15 of the United States Code] operates to assure that the States are free to regulate insurance companies without fear of Commerce Clause attack."). Therefore, if Plaintiff's claims deal with the business of insurance, as she expressly states they do, then they are claims for a state court to adjudicate, not a federal district court. Plaintiff's first argument therefore fails.

Plaintiff also states that she is asserting a § 1983 claim, though, and it cannot be disputed that such a claim could proceed in federal court under federal question jurisdiction.  However, § 1983 claims may only be brought against individuals acting under color of state law, *see Blyden*, 186 F.3d at 264, and Defendants argue that they are none of them state actors.  Plaintiff responds that the Counsel Defendants are agents of the judiciary, since they are all licensed attorneys, which makes them state actors.  She does not clearly assert how the Corporate Defendants are state actors, but she appears to argue that because the Counsel Defendants are also agents of the Corporate Defendants, then the Corporate Defendants are also acting under color of state law where the Counsel Defendants are acting under color of state law.  The conduct which Plaintiff alleges violates §1983 are Counsel Defendants' actions in the underlying state court action, that is, the motions that they submitted which resulted in the underlying action being stayed and Plaintiff being sanctioned.

This argument also fails.  It is well-settled that simply because an attorney is licensed or regulated by a branch of government, that does not render every lawyer an agent of the state.  *See Green v. Bartek*, No. 3:05CV1851 (SRU), 2007 WL 4322780, at

*3 (D. Conn. Dec. 7, 2007) ("A private attorney does not become a state actor merely because she is an officer of the court . . . ."). This is no less true for lawyers licensed to practice in Connecticut, much as Plaintiff insists otherwise. *Szymonik v. Connecticut*, 807 F. App'x 97, 102 (2d Cir. 2020) (finding that a private attorney "was not a state actor; that he was licensed by the state to practice law does not render him a state actor."). Moreover, participating in litigation cannot be construed as state action for purposes of a § 1983 claim, even if those actions are approved or adopted by a court. *See Prince v. Jelly*, No. 3:17-CV-01284 (SRU), 2017 WL 5574273, at *4 (D. Conn. Nov. 20, 2017) ("'[M]erely resorting to the courts . . . does not make a party a co-conspirator' with state actors.") (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)). Plaintiff therefore cannot state a § 1983 claim against Defendants, and consequently, her § 1983 claim cannot be the basis for federal jurisdiction.

None of Plaintiff's other claims confer jurisdiction upon the federal judiciary, either. Counts Two, Three, and Four, clearly assert only state-law claims, which the court could only have jurisdiction over through supplemental jurisdiction, which requires that some other claim asserted provide a basis for original jurisdiction. Count One purports to be a claim for a violation of due process, but the only alleged basis for the claim is the appraisal clause itself because, Plaintiff argues, the appraisal clause is ambiguous and fails to comply with the requirements of Connecticut laws governing arbitration. Whether the term is ambiguous, however, is a contract dispute, not a question arising under federal law, and whether the term comports with state law requirements is clearly an issue of state law, not federal law. Moreover, "private citizens, acting in their private capacities, cannot be guilty of violating due process rights." *Canadian Transp. Co. v. United States*,

6

663 F.2d 1081, 1093 (D.C. Cir. 1980); *see also Martinez-Rivera v. Sanchez Ramos,* 498 F.3d 3, 8 (1st Cir. 2007) ("The Fifth Amendment Due Process Clause, however, applies 'only to actions of the federal government . . . .'") (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir.2001)).   None of the Defendants are federal actors, and thus a Fifth Amendment due process claim cannot be brought against them.   Count One therefore also does not give rise to federal jurisdiction.

Finally, although Plaintiff invoked the Declaratory Judgment Act in her complaint, "the Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for subject matter jurisdiction in the district courts."   *Saleh v. Ridge*, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005).

The court concludes that Plaintiff has failed to state any claim over which the federal judiciary has original jurisdiction, and thus the action must be dismissed.

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Motions to Dismiss (ECF Nos. 17, 45, and 60) are **GRANTED**;

2. This action hereby is **DISMISSED** for lack of subject matter jurisdiction;

3. All pending motions hereby are **DENIED as moot**; and

4. The court respectfully requests the Clerk of Court to **CLOSE** this case.

**SO ORDERED** in Hartford, Connecticut, this 26th day of April, 2022.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE